LEONARD C. FULLER *vs.* ELBRIDGE CHAMBERLAIN & others.

In an action of trespass against three defendants, the jury assessed $7·83 damages against each defendant, stating the aggregate amount at $23·49: The court informed the jury that the law required joint damages, and directed a verdict to be drawn up, in proper form, for the sum of $23·49, against the three defendants, which verdict was affirmed by the jury and recorded. *Held,* that the verdict was legal and proper.

Irregularity in the taking of a verdict is no cause for arresting judgment.

THIS was an action of trespass against Elbridge Chamberlain, Daniel Bigelow, Asa Stratton, Benjamin Cook and Anderson Cook. The trial was before *Hubbard,* J. The jury retired a short time before the court adjourned at evening, agreed upon a verdict, sealed it, and returned it, in court, the next morning, in the form following: "The jury find that Anderson Cook did commit an assault on Leonard C. Fuller, on the 2d day of June 1845, as alleged against him in the first count in the declaration; and the other defendants are

Fuller *v.* Chamberlain & others.

not guilty as set forth. We assess the damage upon Anderson
Cook, to the amount of six dollars.                    $6·00

" On the second count alleged against the defendants, the
jury find them not guilty.

" On the third allegation set forth against the defendants,
the jury find that the plaintiff has sustained his allegation.
We assess the damage against Anderson Cook; Daniel Bige-
low and Asa Stratton, at the sum of seven dollars and eighty
three cents each,                                      $23·49."

The judge informed the jury, that the damages must be
joint, and directed a verdict to be drawn up, in the proper
form, for the aggregate sum of twenty three dollars and forty
nine cents, on the third count, against the three defendants
named by the jury. This was done, and the verdict, so drawn
up, was affirmed by the jury, and was recorded. The said
defendants thereupon moved in arrest of judgment, because
"the verdict on the third count should be for the sum of
seven dollars and eighty three cents, and no more."

*C. Allen*, for the defendants, cited *Halsey* v. *Woodruff*, 9
Pick. *555*. 2 Greenl. on Ev. § 277. *Kempton* v. *Cook*,
4 Pick. 307. *Proprietors of Kennebeck Purchase* v. *Boulton*,
4 Mass. 419.

*Bridges*, for the plaintiff.

Shaw. C. J. Certainly this motion in arrest of judgment
cannot be maintained. All is right on the record ; and what
the defendants complain of is an irregularity in taking the
verdict; which, if well founded, would afford no cause for
arresting the judgment. If any injustice had been done
thereby, it should be corrected by setting the verdict aside
and ordering a new trial. The paper sealed up by the jury
was not technically a verdict. Such a paper is not a verdict,
till it is affirmed and recorded. *Roberts* v. *Rockbottom Co.*
7 Met. 49. Co. Lit. 227 *b.*

In *Halsey* v. *Woodruff*, 9 Pick. *555*, and that class of cases,
where there was a joint charge of trespass against several, a
verdict of guilty, and several damages, the plaintiffs were
permitted to enter one joint judgment against all, assuming

the largest sum assessed against any one as the damages against all, *de melioribus damnis.* Those were cases where such a verdict as that in question had been offered and amended, and stood as the basis of the judgment. But here, when the sealed paper was opened, it was rightly explained to the jury, by the judge, that the law required joint damages. They had already found that the plaintiff ought to receive, for his indemnity, twenty three dollars and forty nine cents, the aggregate of the three several sums. They adopted the amendment, (not having been discharged,) unanimously affirmed it as their verdict, and authorized it to be so recorded.

*Motion overruled, and judgment on the verdict.*